UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case No. 20 CR 20-CR-019

[Title 18, United States Code,
Sections 1343, 1344, 1956, and 2314]

WILLIAM S. NEWMAN and
ANTOINE MACLIN,

        Defendants.

## INDICTMENT

### Background Allegations Common to All Counts

**THE GRAND JURY CHARGES THAT:**

1. Beginning by at least March 2018, and continuing through at least September 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN,**

with intent to defraud, devised, participated in, and carried out a scheme to defraud and obtain money by means of false and fraudulent pretenses and representations (the "scheme"), which scheme is described more fully below.

2. One aspect of the scheme was to defraud financial institutions, whose deposits were insured by the federal government through the Federal Deposit Insurance Corporation ("FDIC") and the National Credit Union Administration ("NCUA"), and to obtain money from

such financial institutions, by means of materially false and fraudulent representations and pretenses.

3. A second aspect of the scheme was to defraud victim businesses into making payments to accounts controlled by the defendants.

4. For purposes of executing this scheme, Newman and Maclin, and others participating with them in the scheme, used and caused the use of interstate wire communications, including the electronic transfer of funds to bank accounts opened and maintained in the name of fictitious businesses.

5. At all times relevant to this indictment:

    a. Newman and Maclin resided in Milwaukee, Wisconsin.

    b. The deposits of the following financial institutions were insured by the federal government through the FDIC:

        i. Bank of America, and

        ii. U.S. Bank.

    c. The deposits of the following financial institutions were insured by the federal government through the NCUA:

        i. Guardian Credit Union, and

        ii. Focus Credit Union.

## The Scheme to Defraud

6. As part of the scheme:

    a. The Defendants registered fictitious business entities, including "Reach Back LLC," with the Wisconsin Department of Financial Institutions.

2

b. The Defendants also opened bank accounts, and caused bank accounts to be opened, in the name of that fictitious business. Specifically, Maclin opened a bank account, ending in digits 1679, in the name of "Reach Back LLC" at a Bank of America branch in Illinois ("BOA 1679 Account"). Maclin also opened a bank account, ending in digits 0119, at a U.S. Bank branch in Wisconsin ("US Bank 0119 Account").

c. Participants in the scheme sent fraudulent e-mails to businesses throughout the United States, including Business A, Business B, and Business C. These emails falsely appeared to be from legitimate vendors of Businesses A, B, and C. The e-mails directed the victim businesses to submit payments they owed to vendors to a new bank account purportedly belonging to the vendor. Those email messages were intended to defraud the victim businesses because, in fact, the bank accounts provided in the emails were accounts that Maclin and Newman controlled.

d. On September 9, 2019, as a result of the fraudulent e-mails, Business A sent two wire transfers, in the amounts of $30,000 and $696.25, to the BOA 1679 Account, held in the name of "Reach Back LLC," that Maclin and Newman controlled.

e. On September 10, 2019, as a result of the fraudulent e-mails, Business B sent a wire transfer of $18,837.63 to the US Bank 0119 Account, held in the name of "Reach Back LLC," that Maclin and Newman controlled.

f. On September 11, 2019, and September 13, 2019, as a result of the

3

fraudulent e-mails sent, Business C sent wire transfers totaling $68,998.33 to the BOA 1679 Account, held in the name of "Reach Back LLC," that Maclin and Newman controlled.

7. As a result of this scheme, Newman and Maclin fraudulently obtained, and attempted to obtain, more than $170,000.

4

## COUNT ONE
(Wire fraud, 18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT:**

8. All of the allegations set forth above in paragraphs 1-7 above are hereby incorporated in support of the following charge as if set forth here in full.

9. On or about September 10, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN,**

for the purpose of executing their scheme to defraud, and attempting to do so, knowingly caused to be transmitted in interstate commerce a wire transfer of $18,837.63, from victim Business B, in Texas, to the US Bank 0119 Account, held in the name of "Reach Back LLC," that Maclin and Newman controlled.

All in violation of Title 18, United States Code, Sections 1343 and 2.

5

Case 2:20-cr-00019-JPS   Filed 01/28/20   Page 5 of 17   Document 1

## COUNT TWO
(Interstate Transportation of Stolen Property, 18 U.S.C. §2314)

**THE GRAND JURY FURTHER CHARGES THAT:**

10. On or about September 12, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN**

unlawfully transported, transmitted, and transferred, and caused to be transported, transmitted, and transferred, in interstate commerce from McHenry, Illinois, to Milwaukee, Wisconsin, a security and money of the value of $5,000 or more, to wit, a cashier's check payable to K.K. in the amount of $27,000, which had been purchased with funds that had been obtained by fraud and deposited into Bank of America Account 1679, knowing the same to have been taken and obtained by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT THREE
(Interstate Transportation of Stolen Property, 18 U.S.C. §2314)

**THE GRAND JURY FURTHER CHARGES:**

11. On or about September 12, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN**

did unlawfully transport, transmit, and transfer, and caused to be transported, transmitted, and transferred, in interstate commerce from Waukegan, Illinois, to Milwaukee, Wisconsin, a security and money of the value of $5,000 or more, to wit, a cashier's check payable to W.N. in the amount of $6,700, which had been purchased with funds that had been obtained by fraud and deposited into Bank of America Account 1679, knowing the same to have been taken and obtained by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

7

## COUNT FOUR
(Interstate Transportation of Stolen Property, 18 U.S.C. §2314)

**THE GRAND JURY FURTHER CHARGES THAT:**

12. On or about September 12, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN**

did unlawfully transport, transmit, and transfer, and caused to be transported, transmitted, and transferred, in interstate commerce from Waukegan and McHenry, Illinois, to Milwaukee, Wisconsin, money of the value of $5,000 or more, to wit, United States currency in the amount of $12,000, which had been obtained by fraud and deposited into and then withdrawn from Bank of America Account 1679, knowing the same to have been taken and obtained by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT FIVE
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

**THE GRAND JURY FURTHER CHARGES THAT:**

13. Beginning by at least July 2019 and continuing through September 2019 in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN and ANTOINE MACLIN**

knowingly combined, conspired, and agreed with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18 United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the wire fraud scheme described in Paragraphs 1-7 and Count One, committed in violation of 18 U.S.C. § 1343, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and also knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Manner and Means**

14. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

9

a. Opening fraudulent bank accounts in the name of a fictitious business entity;

b. Purchasing cashier's checks in the name of fictitious individuals and/or co-conspirators using proceeds of the wire fraud scheme;

c. Depositing cashier's checks obtained with wire fraud proceeds into bank accounts opened with fraudulent account information such as false social security numbers;

d. Causing a cashier's check in the amount of $45,000, which had been purchased in the name of S.S. using proceeds of the wire fraud scheme, to be deposited into the Chase Bank account of S.S. in South Bend, Indiana;

e. Causing S.S. to falsely believe that a famous entertainer, having the initials K.U., was the payor of those $45,000; and

f. Withdrawing proceeds of unlawful activity, in cash, from banks and ATMs.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS SIX - ELEVEN
(Money Laundering, 18 U.S.C. §1956(a)(1)(B)(i))

THE GRAND JURY FURTHER CHARGES THAT:

15. Paragraphs 1-14 of the Indictment are realleged and incorporated here, and the following is further alleged.

16. On or about the dates listed below, in the State and Eastern District of Wisconsin,

**WILLIAM S. NEWMAN and ANTOINE MACLIN**

knowingly conducted and attempted to conduct each of the financial transactions specified below.

17. Each transaction occurred through a financial institution and occurred in and affected interstate commerce.

18. Each transaction involved proceeds of a specified unlawful activity, that is, wire fraud, committed in violation of Title 18, United States Code, Section 1343, and as described in Count One.

19. While conducting each of the financial transactions, Defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

20. While conducting each of the financial transactions, Defendants knew that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

| Count | Date | Description |
|---|---|---|
| Six | September 12, 2019 | Withdrawal of $500 in cash from the US Bank 0119 Account, held in the name of Reach Back LLC |

11

| Seven | September 12, 2019 | Withdrawal of $7,200 in cash from the US Bank 0119 Account, held in the name of Reach Back LLC |
| Eight | September 12, 2019 | Purchase of cashier's check in the amount of $5,500, payable to L.D., using funds from the US Bank 0119 Account, held in the name of Reach Back LLC |
| Nine | September 12, 2019 | Purchase of a cashier's check in the amount of $5,500, payable to A.L., using funds from the US Bank 0119 Account, held in the name of Reach Back LLC |
| Ten | September 16, 2019 | Deposit of cashier's check in the amount of $3,949, payable to William S. Newman, into a Guardian Credit Union account ending in digits 2180 |
| Eleven | September 24, 2019 | Withdrawal of $3,500 in cash from Guardian Credit Union Account 2180 |

Each in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

12

# COUNT TWELVE
(Bank Fraud, 18 U.S.C. § 1344)

**THE GRAND JURY FURTHER CHARGES:**

21. Beginning on or about March 12, 2018, and continuing through September 12, 2019, in the State and Eastern District of Wisconsin and elsewhere,

**WILLIAM S. NEWMAN**

knowingly devised and carried out a scheme to defraud Focus Credit Union and to obtain money, funds, credits, assets, securities, and other property owned by, and in the control of, Focus Credit Union, by means of false and fraudulent pretenses. The scheme involved material misrepresentations and the concealment of material facts.

22. As a part of that scheme to defraud:

    a. On or about March 12, 2018, Newman knowingly used a false social security number to complete an online loan application with Focus Credit Union in Wauwatosa, Wisconsin;

    b. The loan application sought $51,866.60 to purchase a 2017 black Volvo S90 (VIN YV1A22ML1H1001446) (the "Volvo") from Patrick Cars in Illinois;

    c. After Focus Credit Union approved the loan, Newman used the proceeds to purchase the Volvo;

    d. At the time he obtained the loan, Newman did not intend to repay it in full; and

    e. On or about August 2018, Newman defaulted on the loan.

13

23. Newman's use of a false social security number on the loan application was a false representation of material fact that influenced Focus Credit Union's decision to make the loan to Newman.

24. When Newman provided the false social security number to Focus Credit Union, he acted with the intent to defraud Focus Credit Union.

25. At the time Newman devised and participated in this scheme, Focus Credit Union was insured by the National Credit Union Administration.

26. To date, Newman has not repaid the loan to Focus Credit Union.

All in violation of Title 18, United States Code, Section 1344.

# FORFEITURE NOTICE

27. Upon conviction of the offense of wire fraud, in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Indictment, Defendants William S. Newman and Antoine Maclin shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the amount of proceeds that the defendants obtained from this offense as well as the following items seized from William S. Newman on or about September 12, 2019:

   a. $12,282 in United States currency;

   b. Bank of America cashier's check ending in digits 4870, payable to K.K., in the amount of $27,000, and the monies that funded that check;

   c. Bank of America cashier's check ending in digits 0728, payable to William S. Newman, in the amount of $6,700, and the monies that funded that check;

   d. US Bank cashier's check ending in digits 6344, payable to A.L., in the amount of $5,500, and the monies that funded that check; and

   e. US Bank cashier's check ending in digits 6345, payable to L.D., in the amount of $5,500, and the monies that funded that check.

28. Upon conviction of one or more of the interstate transportation of stolen property offenses, in violation of Title 18, United States Code, Section 2314, set forth in Counts Two, Three, and Four of this Indictment, Defendants William S. Newman and Antoine Maclin shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or

15

personal, which constitutes or is derived from proceeds traceable to the offense or offenses of conviction. The property to be forfeited:

    a. As to Count Two, includes the Bank of America cashier's check ending in digits 4870, payable to K.K., in the amount of $27,000, and the monies that funded that check;

    b. As to Count Three, includes the Bank of America cashier's check ending in digits 0728, payable to William S. Newman, in the amount of $6,700, and the monies that funded that check; and

    c. As to Count Four, includes the $12,000 in United States currency seized from William S. Newman on or about September 12, 2019.

29. Upon conviction of one or more of the money laundering offenses, in violation of Title 18, United States Code, Section 1956, set forth in Counts Five through Eleven of this Indictment, Defendants William S. Newman and Antoine Maclin shall forfeit shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to a sum of money equal to the value of the property involved in the offense of conviction as well as the items, identified in paragraph 28 above, seized from William S. Newman on or about September 12, 2019.

30. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count Twelve of this Indictment, Defendant William S. Newman shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, from such violation. The property to be forfeited includes, but is not limited to, the following, a sum of money equal to the proceeds derived from the offense.

31. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

Dated: Jan. 28th 2020

MATTHEW D. KRUEGER
United States Attorney